MICHEL NEIL BOTTS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 22152

June 21, 1993 854 P.2d 856

James J. Jackson, State Public Defender, and Janet S. Bessemer, Deputy Public Defender, Carson City; Nathan Tod Young, Gardnerville, for Appellant.

Frankie Sue Del Papa, Attorney General, Carson City; Scott W. Doyle, District Attorney, Douglas County, for Respondent.

## OPINION

Per Curiam:

This is an appeal from a judgment of conviction, entered pursuant to a guilty plea, of one count of sexual assault. See NRS 200.366.

Appellant was charged with one count of sexual assault upon a victim under the age of fourteen. Appellant pleaded guilty.

Appellant stated during his plea canvass that he understood that the maximum sentence for the offense was life with the possibility of parole after ten calendar years.

Pursuant to NRS 200.366(2)(c), when the victim of sexual assault is under the age of fourteen, the offender shall be punished "by imprisonment in the state prison for life with the possibility of parole, eligibility for which begins when a minimum of 10 years has been served." At sentencing, however, the district court failed to impose the statutorily required sentence. The district court stated that the plain meaning of "life with the possibility of parole" would allow for any sentence within the life of the prisoner. Consequently, the district court sentenced appellant to serve a term of sixty years in the Nevada State Prison. In the event this sentence was overturned on appeal, the court sentenced appellant to serve life imprisonment with the possibility of parole after a minimum of twenty years had been served. In the event this sentence was overturned on appeal, the district court sentenced appellant to the statutorily required sentence: life with the possibility of parole, with parole eligibility beginning after a minimum of ten years has been served.

Appellant contends that the first two sentences imposed by the district court are illegal. We agree. NRS 200.366(2)(c) states the punishment for sexual assault in the circumstances of this case. The district court had no discretion to depart from the terms of the statute.

At the sentencing hearing, the state asked that appellant be required to make restitution to the victim for past and future counseling expenses. Appellant objected, arguing that he was entitled to a hearing on the exact amount of restitution to be imposed. The district court refused to grant appellant a hearing and refused to set an exact amount of restitution. Instead, the district court ordered appellant to pay restitution "for all expenses incurred by the victim during her entire life for counseling and/or professional services required by her as a result of the actions of the defendant." Appellant argues on appeal that the district court erred in awarding an uncertain amount of restitution. We agree.

NRS 176.033(1) provides in part:

1. If a sentence of imprisonment is required or permitted by statute, the court shall:

. . . .

(b) If restitution is appropriate, set an amount of restitution for each victim of the offense.

The district court failed to "set an amount of restitution" as required by NRS 176.033(1). The statute contemplates that the district court will set a specific dollar amount of restitution. The statute does not allow the district court to award restitution in uncertain terms. Consequently, the district court erred in failing to grant appellant's request for a hearing. A hearing was necessary in order to establish the victim's past and future expenses by evidence.[1]

Accordingly, we reverse the judgment of the district court and remand for the resentencing of appellant in accordance with the views expressed in this opinion.

---

[1]Appellant argues on appeal that the restitution award is invalid because the possibility of restitution was not mentioned in his plea bargain. Because this argument was not raised in the district court, we decline to address this issue. *See* Emmons v. State, 107 Nev. 53, 60-61, 807 P.2d 718, 723 (1991).