JONATHON WHITEHEAD, AKA JONATHAN WHITEHEAD, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 55865

May 31, 2012                                                285 P.3d 1053

*Mario D. Valencia*, Henderson, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *Brian T. Kunzi*, District Attorney, and *Kirk Darren Vitto*, Deputy District Attorney, Nye County, for Respondent.

## OPINION

By the Court, HARDESTY, J.:

Petitioner Jonathon Whitehead pleaded guilty to DUI causing death and DUI causing substantial bodily harm and subsequently filed a post-conviction petition for writ of habeas corpus. A panel of this court affirmed the district court's dismissal of his petition as untimely. Whitehead filed a petition for rehearing, which the panel denied, and now Whitehead petitions for en banc reconsideration.

Whitehead contends that the panel overlooked NRS 176.105(1) and whether a judgment of conviction that imposes restitution but leaves the amount of restitution to be determined is final for purposes of triggering the one-year period under NRS 34.726 for filing a post-conviction petition for a writ of habeas corpus. Having reviewed the petition and the State's answer, we conclude that reconsideration is warranted. *See* NRAP 40A(a).

When a district court determines that restitution is appropriate, the judgment of conviction must set forth the amount and terms of restitution. NRS 176.105(1); *see also* NRS 176.033(1)(c). We conclude that a judgment of conviction that imposes restitution but does not set an amount of restitution, in violation of Nevada

statutes, is not final and therefore does not trigger the one-year time limit for filing a post-conviction petition for a writ of habeas corpus. As Whitehead's post-conviction petition is timely under this analysis, we reverse and remand for further proceedings on the merits of the petition.

## FACTS AND PROCEDURAL HISTORY

On September 20, 2006, law enforcement personnel were called to an accident scene in Pahrump, Nevada, where they encountered Whitehead's vehicle overturned on the roadway. Investigators determined that Whitehead had been driving with seven friends packed into his vehicle and at a high rate of speed. At some point, Whitehead veered off the road and overcorrected, causing the vehicle to roll over several times and several occupants to be ejected onto the highway. Seventeen-year-old Brandy Fuller, who had been riding on another occupant's lap, died at the scene, and four other occupants were gravely wounded. A subsequent test of Whitehead's blood taken just after the accident showed that it contained various concentrations of alcohol, marijuana, and marijuana metabolite.

After plea negotiations with the State, Whitehead pleaded guilty to DUI causing death and DUI causing substantial bodily harm. The parties agreed that Whitehead would enter a regimental discipline program and that the State would recommend concurrent sentences. The district court accepted the plea agreement.

After Whitehead completed the regimental discipline program, the district court imposed consecutive terms of 96 to 240 months for DUI causing death and 48 to 120 months for DUI causing substantial bodily harm. The district court entered a judgment of conviction on May 7, 2008, that set forth the sentence for each offense, the credit for time served, and the specific amounts of the fines and assessments imposed but stated "[t]hat restitution shall be determined by stipulation or hearing." An amended judgment of conviction filed on May 16, 2008, included the same substantive sentencing provisions but stated "[t]hat restitution shall be determined by stipulation or hearing." The district court ultimately held a restitution hearing and entered a "Second Amended Judgment of Conviction" on January 27, 2009, stating the same sentencing terms and ordering Whitehead to pay $1,390,647 in restitution.

Whitehead did not directly appeal but filed a post-conviction petition for a writ of habeas corpus on May 13, 2009, listing May 16, 2008, as the date of his conviction. In that petition, Whitehead raised 45 claims of constitutional error, none of which related to the amount of restitution. The district court dismissed the petition, concluding that because the date of conviction was May 7,

2008, the petition was untimely and therefore barred by NRS 34.726(1).[1] On appeal from the district court's order, Whitehead argued, *inter alia*, that a judgment of conviction that imposed restitution in an unspecified amount is not final until an amount of restitution is determined and that in his case the final judgment of conviction was not entered until January 27, 2009, making his petition timely.

## DISCUSSION

NRS 34.726(1) states in relevant part that "a petition that challenges the validity of a judgment or sentence must be filed within 1 year after entry of the judgment of conviction." Both the district court and this court determined that the judgment of conviction that this section refers to was, in Whitehead's case, the judgment of conviction filed on May 7, 2008. In support of that conclusion, this court relied on *Sullivan v. State*, 120 Nev. 537, 540, 96 P.3d 761, 764 (2004), for the proposition that tolling the one-year time limit every time the district court amended a judgment of conviction to correct an error would "frustrate the purpose and spirit of NRS 34.726."

Upon reconsideration, however, we conclude that *Sullivan* is distinguishable. In that case, the judgment of conviction was amended to correct a clerical error. The court noted that NRS 176.565 permits the district court to amend a judgment of conviction to correct such an error "years, even decades, after the entry of the original judgment of conviction." *Sullivan*, 120 Nev. at 540, 96 P.3d at 764. Setting the amount of restitution after an evidentiary hearing is not analogous to correcting an error; rather, it is an integral part of the sentence. To that end, NRS 176.105(1) states that "the judgment of conviction must set forth . . . any term of imprisonment, the amount and terms of any fine, restitution or administrative assessment." Another provision, NRS 176.033(1)(c), requires the district court to "set an amount of restitution" when it determines that restitution "is appropriate" as part of a sentence. We have held that this statute "contemplates that the district court will set a specific dollar amount of restitution" and therefore "does not allow the district court to award restitution in uncertain terms." *Botts v. State*, 109 Nev. 567, 569, 854 P.2d 856, 857 (1993).

Given the requirements in NRS 176.105(1) (that restitution, if appropriate, be included in the judgment of conviction and in a

---

[1]Whitehead never conceded that his post-conviction petition was untimely, and therefore never alleged that good cause existed to excuse the untimely filing. *See* NRS 34.726(1).

specific dollar amount), we conclude that a judgment of conviction that imposes a restitution obligation but does not specify its terms is not a final judgment.[2] In those circumstances, the intermediate judgment is not sufficient to trigger the one-year period under NRS 34.726 for filing a post-conviction petition for a writ of habeas corpus. To hold otherwise would lead to piecemeal post-conviction litigation, in direct conflict with NRS 34.726, which came out of legislative action whose "overall spirit was one of limiting habeas petitioners to one time through the system absent extraordinary circumstances" and "evinces intolerance toward perpetual filing of petitions for relief" as they "clog[ ] the court system and undermine[ ] the finality of convictions," *Pellegrini v. State*, 117 Nev. 860, 875, 34 P.3d 519, 529 (2001).

Here, the district court determined that restitution was appropriate, but the May 7, 2008, and May 16, 2008, judgments left its amount and terms to be determined at a later hearing. The final judgment was not entered until January 27, 2009, when the district court filed a judgment of conviction that set forth a specific dollar amount of restitution. Whitehead filed his proper person post-conviction petition for a writ of habeas corpus on May 13, 2009, within one year after entry of the final judgment of conviction. It was therefore timely filed, NRS 34.726(1), and the district court erred in dismissing it as procedurally barred. Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

CHERRY, C.J., and DOUGLAS, SAITTA, GIBBONS, PICKERING, and PARRAGUIRRE, JJ., concur.

---

[2]We observe that if the district court concludes that no restitution is required or warranted as part of a defendant's sentence, a judgment of conviction need not address restitution to be final. Only a judgment of conviction that imposes restitution in an unspecified amount is not final under our decision today.