129 Nev., Advance Opinion 23

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JON ROBERT SLAATTE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 60799<br><br>**FILED**<br><br>APR 18 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction. Ninth Judicial District Court, Douglas County; David R. Gamble, Judge.

*Dismissed.*

Derrick M. Lopez, Gardnerville,
for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Mark B. Jackson, District Attorney, and Thomas W. Gregory, Chief Deputy District Attorney, Douglas County,
for Respondent.

---

BEFORE PICKERING, C.J., HARDESTY and SAITTA, JJ.

*OPINION*

PER CURIAM:

In this appeal, we address a threshold jurisdiction issue: Is a judgment of conviction that imposes restitution in an uncertain amount an

13 - 11423

appealable final judgment? We conclude that it is not, and, as a result, we dismiss this appeal for lack of jurisdiction.

Appellant Jon Robert Slaatte pleaded guilty to one count of lewdness with a child under 14 years of age. The district court sentenced him to life in prison with the possibility of parole after 10 years. The district court also determined that restitution should be imposed as part of the sentence, but the court did not set an amount of restitution. Instead, the judgment entered by the court orders Slaatte to appear at 9 a.m. on a Tuesday law-and-motion calendar within 60 days after his release from prison "to have this Court determine what restitution for victim compensation that will be ordered at that time." Slaatte filed a timely notice of appeal.

Slaatte argues that Nevada law requires that the district court set an amount of restitution when it determines that restitution is appropriate as part of a sentence. Because the district court failed to comply with that requirement, Slaatte urges this court to "set aside or reverse the district court's order regarding restitution." For its part, the State concedes error and urges the court to remand this matter to the district court so that it can specify the amount of restitution imposed as part of the sentence.

We agree with the parties that the district court clearly erred. NRS 176.033(1)(c) requires the district court to "set an amount of restitution" when it determines that restitution "is appropriate" as part of a sentence. When the district court determines that restitution is appropriate as part of a sentence, it must include the amount and terms of the restitution in the judgment of conviction. NRS 176.105(1)(c) ("the

judgment of conviction must set forth . . . any term of imprisonment, the amount and terms of any fine, restitution or administrative assessment"). Consistent with these statutory requirements, this court has held that a district court is not allowed "to award restitution in uncertain terms." *Botts v. State*, 109 Nev. 567, 569, 854 P.2d 856, 857 (1993). In cases where a district court has violated this proscription, this court historically has remanded for the district court to set an amount of restitution. *E.g.*, *Washington v. State*, 112 Nev. 1067, 1075, 922 P.2d 547, 551-52 (1996); *Smith v. State*, 112 Nev. 871, 873, 920 P.2d 1002, 1003 (1996); *Roe v. State*, 112 Nev. 733, 736, 917 P.2d 959, 960-61 (1996); *Botts*, 109 Nev. at 569, 854 P.2d at 857.

None of our prior decisions addressed whether the judgment was final given its failure to comply with NRS 176.105(1). If such a judgment is not appealable as a final judgment, *see* NRS 177.015(3), we lack jurisdiction over this appeal. *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990) (explaining that court has jurisdiction only when statute or court rule provides for appeal). Our recent decision in *Whitehead v. State*, 128 Nev. ___, 285 P.3d 1053 (2012), is controlling. In that case, we considered whether a judgment of conviction that imposed restitution but did not specify the amount of restitution was sufficient to trigger the one-year period under NRS 34.726 for filing a post-conviction petition for a writ of habeas corpus. *Id.* at ___, 285 P.3d at 1055. Based on the requirement in NRS 176.105(1)(c) that the amount of restitution be included in the judgment of conviction if the court imposes restitution, we concluded "that a judgment of conviction that imposes a restitution obligation but does not specify its terms is not a final judgment" and

therefore it does not trigger the one-year period for filing a habeas petition. *Id.* Given our decision in *Whitehead* that such a judgment is not a final judgment, we necessarily conclude that it also is not appealable.

In this case, the district court clearly determined that restitution should be imposed as part of the sentence. The court, however, did not specify the amount of restitution, as required for a final judgment. We acknowledge that the district court appears to have been concerned with setting an amount of restitution because of the possibility that the victim, who had been in counseling, would incur additional counseling expenses in the future.[1] Any concern about ongoing counseling expenses, however, does not override the district court's statutory obligation to award restitution in certain terms and to do so in the judgment of conviction. *See Washington*, 112 Nev. at 1074-75, 922 P.2d at 551 (concluding that district court, which ordered defendant to "pay any future counselling costs for victim," erred by failing to set specific dollar amount of restitution for such costs (internal quotation marks omitted)). Because the judgment of conviction contemplates restitution in an uncertain

---

[1]The record suggests that the parties and the district court had some concern that as of the date of sentencing there had not been any expenses for counseling that could properly be included as restitution. Because the district court has not imposed a specific amount or identified who it must be paid to, those concerns are not before us, and we therefore express no opinion on those matters.

amount, it is not final and therefore is not appealable. Accordingly, we lack jurisdiction over this appeal. The appeal is dismissed on that basis.[2]

_____Pickering_____, C.J.
Pickering

_____Hardesty_____, J.       _____Saitta_____, J.
Hardesty                          Saitta

---

[2]We provided Slaatte with an opportunity to show cause why this appeal should not be dismissed for lack of jurisdiction. He has not responded.

SUPREME COURT
OF
NEVADA

(O) 1947A