An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

YVONNE ELIZABETH LOGAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66540

**FILED**

MAY 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order denying a motion to correct judgment relative to the restitution amount. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

Appellant was convicted of two counts of exploitation of an older or vulnerable person and sentenced to 24 to 96 months in prison and ordered to pay restitution in the amount of $215,431.33. Appellant litigated a direct appeal, but did not raise a claim relating to restitution. *Logan v. State*, Docket No. 59590 (Order of Affirmance, May 9, 2013).

Instead, appellant filed a motion to correct judgment relative to the restitution amount, seeking modification of the judgment to reflect restitution in accordance with a civil settlement concerning the same property at issue in the criminal case. The district court denied the motion, concluding that the type of relief sought was not available in a motion to correct judgment relative to the restitution amount.

Appellant argues that the district court erred in determining that her claim to correct restitution must be brought on direct appeal or in a post-conviction petition for a writ of habeas corpus. Appellant argues that the district court had inherent authority to correct the restitution amount.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15184

We conclude that the district court did not err in determining that appellant sought relief in the improper vehicle. Except for the remedy of direct appeal and those motions recognized to be incident to the proceedings,[1] a post-conviction petition for a writ of habeas corpus is the exclusive remedy available to challenge a judgment of conviction and sentence after entry of the judgment of conviction. *See* NRS 34.724(2)(a), (b). Restitution under NRS 176.033(1)(c) is a sentencing determination, and the amount may be challenged at sentencing and raised on direct appeal or in a post-conviction petition for a writ of habeas corpus.[2] *See Martinez v. State*, 115 Nev. 9, 12-13, 974 P.2d 133, 135 (1999); see also *Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999) (recognizing that claims that could have been raised on direct appeal are

---

[1]This court has recognized that a motion to modify a sentence based upon a material mistake about the defendant's criminal record and a motion to correct an illegal sentence are incidental to the proceedings in the trial court. *See Edwards v. State*, 112 Nev. 704, 707, 918 P.2d 321, 323-24 (1996). All other post-conviction challenges to the validity of the judgment of conviction must be raised in a post-conviction petition for a writ of habeas corpus. *See id.; see also Harris v. State*, 130 Adv. Op. No. 47, 329 P.3d 619, 628 (2014).

[2]Appellant argues that the judgment of conviction was not final because the district court indicated that it would reconsider the restitution amount at a later hearing. Despite the district court's statements at sentencing to the contrary, the judgment of conviction was final as it set forth a fixed and certain restitution amount, and thus appellant's reliance upon this court's holdings in *Slaate v. State*, 129 Nev. Adv. Op. No. 23, 298 P.3d 1170 (2013), and *Whitehead v. State*, 128 Nev. Adv. Op. No. 24, 285 P.3d 1053 (2012), is misplaced. Appellant could have challenged the restitution amount and the district court's failure to conduct a hearing on restitution on direct appeal. Her failure to do so constitutes a waiver.

considered waived in subsequent proceedings). Appellant's claim seeking to correct the judgment of conviction fell outside the scope of both a motion to correct an illegal sentence and motion to modify sentence. *See Edwards*, 112 Nev. at 708, 918 P.2d at 324. Even construing the motion to correct judgment as a post-conviction petition for a writ of habeas corpus, appellant's claim fell outside the scope of claims permissible in a petition challenging a judgment of conviction arising from a guilty plea. *See* NRS 34.810(1)(a). Whether a judgment in a civil case satisfies restitution ordered in the criminal case cannot be litigated in a motion to correct judgment.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.



_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Lidia Stiglich, District Judge
     Richard F. Cornell
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk

---

[3]In light of this decision, we need not reach appellant's claim regarding res judicata.