**135 Nev., Advance Opinion 55**

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM LESTER WITTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73444

**FILED**

NOV 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a third amended judgment of conviction. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

*Affirmed.*

Rene L. Valladares, Federal Public Defender, and David Anthony, Stacy M. Newman, and Tiffany L. Nocon, Assistant Federal Public Defenders, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Alexander G. Chen, Chief Deputy District Attorney, Clark County,
for Respondent.

---

BEFORE THE COURT EN BANC.[1]

---

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-46626

## *OPINION*

By the Court, STIGLICH, J.:

When a district court determines that restitution is appropriate in a criminal case, Nevada law requires that the court set forth the specific amount of restitution in the judgment of conviction. Thus, this court has held that the district court errs if it states in the judgment of conviction that restitution will be imposed in an amount to be determined sometime in the future. And going a step further, this court has held that a judgment of conviction with that kind of language is not a final judgment for purposes of an appeal to this court or for purposes of triggering the one-year deadline for filing a postconviction habeas petition. We are asked to determine whether those prior decisions allow appellant William Lester Witter to raise direct appeal issues related to his 1995 capital trial in this appeal from an amended judgment of conviction entered in 2017. They do not, for two reasons. First, the judgment of conviction in this case arose from a jury verdict that was appealable under NRS 177.015(3) regardless of any error with respect to restitution in the subsequently entered judgment of conviction. Second, and more importantly, Witter treated the 1995 judgment of conviction as final for more than two decades, litigating a direct appeal and various postconviction proceedings in state and federal court. He does not get to change course now. Although the amended judgment of conviction is appealable, the appeal is limited in scope to issues stemming from the amendment. Because Witter does not present any such issues, we affirm.

 

## PROCEDURAL HISTORY

Witter was tried before a jury; found guilty of first-degree murder with use of a deadly weapon, attempted murder with use of a deadly weapon, attempted sexual assault with use of a deadly weapon, and burglary; and sentenced to death in 1995. The district court entered a judgment of conviction setting forth the adjudication and sentence for the murder count on August 4, 1995, and amended the judgment of conviction on August 11, 1995, and September 26, 1995, to add the adjudication and sentences for the nonhomicide counts. The amended judgments further required Witter to pay restitution "in the amount of $2,790.00, with an additional amount to be determined." Witter filed a notice of appeal from the judgment of conviction, and this court affirmed the judgment of conviction and sentence on appeal. *Witter v. State*, 112 Nev. 908, 921 P.2d 886 (1996), *abrogated in part by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011). Witter then litigated a timely postconviction petition for a writ of habeas corpus on the merits and two untimely and successive postconviction petitions for a writ of habeas corpus. *Witter v. State*, Docket No. 36927 (Order of Affirmance, August 10, 2001); *Witter v. State*, Docket No. 50447 (Order of Affirmance, October 20, 2009); *Witter v. State*, Docket No. 52964 (Order of Affirmance, November 17, 2010). Witter never challenged the indeterminate portion of the restitution provision or the finality of the judgment of conviction in any of the prior proceedings. Witter has also sought relief from his conviction in the federal courts.

Witter pointed to the indeterminate portion of the restitution provision in the judgment of conviction for the first time in a postconviction petition for a writ of habeas corpus filed in state court in 2017. In particular, he asserted that his conviction was not final because the judgment of

(O) 1947A

conviction contained an indeterminate restitution provision and therefore the procedural bars could not be applied to his petition. The district court agreed that the conviction was not final but nonetheless denied the petition.[2] The district court also amended the judgment of conviction to delete the indeterminate part of the restitution provision. Witter filed this appeal from the third amended judgment of conviction.

## DISCUSSION

Witter argues that because of the indeterminate restitution provision in the 1995 judgment, his conviction was not final until entry of the third amended judgment of conviction in 2017. Consequently, Witter argues, the direct appeal decided in 1996 and the subsequent postconviction proceedings were null and void for lack of jurisdiction and therefore he should be allowed to raise any issues stemming from the 1995 trial without regard to the law of the case. The State argues that we lack jurisdiction over this appeal. Both parties are wrong.

NRS 176.105(1)(c) states that a judgment of conviction must include the amount and terms of any restitution. NRS 176.033(1)(c) likewise requires the district court to set forth the "amount of restitution for each victim of the offense." Despite these statutory requirements, some district courts have entered judgments of conviction that imposed restitution in an uncertain amount to be determined in the future. That clearly constitutes error, as this court first explained in *Botts v. State*, 109 Nev. 567, 569, 854 P.2d 856, 857 (1993). *Accord Roe v. State*, 112 Nev. 733,

---

[2]Witter's appeal from that decision is pending in Docket No. 73431.

736, 917 P.2d 959, 960-61 (1996); *Smith v. State*, 112 Nev. 871, 873, 920 P.2d 1002, 1003 (1996).

*Botts* and its progeny, however, did not address what effect, if any, an indeterminate restitution provision has on the finality of a judgment of conviction. *See Slaatte v. State*, 129 Nev. 219, 221, 298 P.3d 1170, 1171 (2013) ("None of our prior decisions addressed whether the judgment was final given its failure to comply with NRS 176.105(1)."). That question is significant in at least two respects: the defendant's right to appeal from a "final judgment" under NRS 177.015(3) and the starting point for the one-year period under NRS 34.726 to file a postconviction habeas petition. This court considered the question of finality when a judgment of conviction includes an indeterminate restitution provision in *Whitehead v. State*, 128 Nev. 259, 285 P.3d 1053 (2012). There, this court held that a judgment of conviction that imposed restitution in an uncertain amount was not final and therefore did not start the clock on the one-year period under NRS 34.726 for filing a postconviction habeas petition. 128 Nev. at 263, 285 P.3d at 1055. A year later in *Slaatte v. State*, this court similarly held that it lacked jurisdiction over an appeal from a judgment that imposed restitution in an indeterminate amount because the judgment was not final. 129 Nev. at 221, 298 P.3d at 1171.

The State urges us to reconsider whether a judgment that includes an indeterminate restitution provision is final. Focusing on this case, the State argues that restitution was "insignificant and utterly inconsequential to the parties." And more generally, the State argues that federal courts have suggested that the failure to include restitution in a

judgment is not a jurisdictional bar to filing an appeal. *See, e.g., Dolan v. United States*, 560 U.S. 605, 617-18 (2010); *United States v. Gilbert*, 807 F.3d 1197, 1199-1200 (9th Cir. 2015); *United States v. Muzio*, 757 F.3d 1243, 1246-47 (11th Cir. 2014). Although we acknowledge that federal courts have interpreted federal statutes differently than we have interpreted the relevant Nevada statutes, the State has not offered any compelling reasons to overrule our prior decisions. *Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) ("[U]nder the doctrine of *stare decisis*, [this court] will not overturn [precedent] absent compelling reasons for so doing." (quoting *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008))). And we remain convinced that given our statutory scheme, the specific amount of restitution is a weighty matter that must be included in the judgment of conviction when the sentencing court determines that restitution is warranted. *See Martinez v. State*, 115 Nev. 9, 12-13, 974 P.2d 133, 135 (1999) (recognizing that "[r]estitution under NRS 176.033(1)(c) is a sentencing determination," and while the defendant is not entitled to a full hearing, a defendant is entitled to challenge restitution at sentencing). In particular, the amount of restitution is not an inconsequential matter when a judgment imposing restitution "constitutes a lien in like manner as a judgment for money rendered in a civil action," NRS 176.275(1), which may be "enforced as any other judgment for money rendered in a civil action," NRS 176.275(2)(a), and "[d]oes not expire until the judgment is satisfied," NRS 176.275(2)(b). Although we adhere to our prior decisions, they are distinguishable in two respects and therefore not controlling in the circumstances presented by this case.

Our decision in *Slaatte* focused on the provision in NRS 177.015(3) that allows a defendant to appeal from a "final judgment." But NRS 177.015(3) also allows a defendant to appeal from a "verdict." That part of the jurisdiction statute was not at issue in *Slaatte* because the conviction in that case resulted from a guilty plea.[3] *See Slaatte*, 129 Nev. at 220, 298 P.3d at 1170. In contrast, the conviction in this case arose from a jury verdict. Because Witter could appeal from the verdict, the finality of the subsequently entered judgment of conviction would not have been determinative of this court's jurisdiction under NRS 177.015(3), unlike in *Slaatte*.[4]

More importantly, our prior cases do not stand for the proposition that a defendant can treat a judgment of conviction with an indeterminate restitution provision as final by litigating a direct appeal and postconviction habeas petitions only to later change course and argue that the judgment was never final. The defendants in the two cases addressing finality, *Whitehead* and *Slaatte*, raised the error regarding the indeterminate restitution provision during the first proceeding in which they challenged the validity of their judgments of conviction—on direct appeal (*Slaatte*, 129 Nev. at 220, 298 P.3d at 1170), and in a first

---

[3]The defendant in *Whitehead* had also pleaded guilty. *See Whitehead*, 128 Nev. at 261, 285 P.3d at 1054.

[4]Contrary to Witter's argument, *Slaatte* does not implicate this court's subject matter jurisdiction. Nev. Const. art. 6, § 4 (providing that the Nevada Supreme Court has appellate jurisdiction "in all criminal cases in which the offense charged is within the original jurisdiction of the district courts").

postconviction habeas petition where no direct appeal had been filed (*Whitehead*, 128 Nev. at 261, 285 P.3d at 1054). Like those defendants, Witter had the benefit of *Botts*, which had been decided before his trial and conviction. Witter, however, litigated a direct appeal and state and federal postconviction proceedings without raising any issues about the indeterminate restitution provision.

This distinction implicates finality, a compelling consideration for courts when reviewing a challenge to the validity of a conviction. *Trujillo v. State*, 129 Nev. 706, 717, 310 P.3d 594, 601 (2013) (recognizing that this court has "long emphasized the importance of the finality of judgments"). A challenge to a conviction made years after the conviction is a burden on the parties and the courts because "[m]emories of the crime may diminish and become attenuated," and the record may not be sufficiently preserved. *Groesbeck v. Warden*, 100 Nev. 259, 260, 679 P.2d 1268, 1269 (1984). Thus, the concern expressed in *Whitehead* that piecemeal litigation could result from restitution being imposed in an indeterminate amount, 128 Nev. at 263, 285 P.3d at 1055, must be counterbalanced against the interest in the finality of a conviction. This court has long precluded a litigant from arguing that a judgment was not final or that this court lacked jurisdiction in a prior appeal when the party treated the judgment as final. *See, e.g., Renfro v. Forman*, 99 Nev. 70, 71-72, 657 P.2d 1151, 1151-52 (1983) (holding that a party is estopped from asserting that the judgment was not final after treating the judgment as final); *Gamble v. Silver Peak Mines*, 35 Nev. 319, 323-26, 133 P. 936, 937-38 (1913) (determining that when a party has treated a judgment as final,

that party may not later argue that this court lacked jurisdiction over the appeal because the judgment was not final); *Costello v. Scott*, 30 Nev. 43, 88, 94 P. 222, 223 (1908) ("Even if there was room for argument as to whether the judgment rendered in this case was a final judgment, appellants by treating it as such, and appealing therefrom, are estopped to deny the finality of the decree."). From 1995 to 2017, Witter treated the judgment of conviction as a final judgment. He therefore is estopped from now arguing that the judgment was not final and that the subsequent proceedings were null and void for lack of jurisdiction.[5]

Finally, we reject the State's argument that this court lacks jurisdiction over this appeal. An amended judgment of conviction is substantively appealable under NRS 177.015(3). *See Jackson v. State*, 133 Nev. 880, 881-82, 410 P.3d 1004, 1006 (Ct. App. 2017). The scope of the appeal is limited, however, to issues arising from the amendment. *Id.*; *see also Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004) (recognizing that an amendment to a judgment of conviction may provide good cause to present claims challenging the amendment in an untimely postconviction petition for a writ of habeas corpus). Here, Witter only raises issues arising from the 1995 trial. Because those issues are not properly before us in this appeal, we have not considered them and express no opinion as to their merit. And because Witter has not demonstrated any

_____

[5]We conclude that Witter's argument that the State invited the error by requesting an amendment to the judgment of conviction to eliminate the indeterminate restitution provision is without merit. Further, in light of our decision, we decline to address whether *Whitehead* and *Slaatte* apply retroactively.

error with respect to the amendment to his judgment of conviction, we affirm the third amended judgment of conviction.

_____, J.
Stiglich

We concur:

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A