IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM LESTER WITTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73431

FILED

MAY 06 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant William Lester Witter filed his petition on January 11, 2017, more than one year after the remittitur issued on appeal from the judgment of conviction on December 23, 1996. *See Witter v. State*, 112 Nev. 908, 921 P.2d 886 (1996), *abrogated by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011). The petition was therefore untimely filed. *See* NRS 34.726(1). Moreover, because Witter previously sought postconviction relief, *Witter v. State*, Docket No. 52964 (Order of Affirmance, November 17, 2010); *Witter v. State*, Docket No. 50447 (Order of Affirmance, October 20, 2009); *Witter v. State*, Docket No. 36927 (Order of Affirmance, August 10, 2001), the petition was successive to the extent it raised claims that were previously litigated and resolved on the merits, and it constituted an abuse of the writ to the extent that it raised new claims. *See* NRS 34.810(1)(b), (2). Accordingly, the petition was procedurally barred absent a demonstration of good cause and actual prejudice, NRS 34.726(1); NRS 34.810(1)(b), (3), or a showing that the procedural bars should be excused to prevent a fundamental miscarriage of justice, *Pellegrini v. State*, 117 Nev.

21-12997

860, 887, 34 P.3d 519, 537 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1097, n.12 (2018).

The district court denied the petition on the merits, concluding that the petition was timely because the judgment of conviction was not final due to a partially indeterminate restitution award. We have determined, however, that Witter cannot now argue that the judgment of conviction was not final after having treated it as final for more than two decades as he litigated a direct appeal and multiple postconviction petitions. *Witter v. State*, 135 Nev. 412, 416, 452 P.3d 406, 410 (2019). The district court thus should have applied the procedural bars. We nevertheless affirm the district court's order because it reached the correct result in denying the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Witter argues that he demonstrated good cause and prejudice sufficient to excuse the procedural bars because *Hurst v. Florida*, 577 U.S. 92 (2016), set forth new retroactive rules that: (1) require trial courts to instruct jurors that the State must prove that the aggravating circumstances are not outweighed by the mitigating circumstances beyond a reasonable doubt, and (2) prohibit the reweighing of aggravating and mitigating circumstances when an aggravating circumstance is stricken by a reviewing court. We disagree. *See Castillo v. State*, 135 Nev. 126, 128-30, 442 P.3d 558, 559-61 (2019) (discussing death-eligibility in Nevada and rejecting the arguments that *Hurst* announced new law relevant to the weighing component of Nevada's death penalty procedures or to appellate reweighing), *cert. denied*, 140 S. Ct. 2682 (2020); *Jeremias v. State*, 134 Nev.

46, 57-59, 412 P.3d 43, 53-54 (2018) (rejecting the argument that *Hurst* announced new law relevant to the weighing component of Nevada's death penalty procedures). And we decline Witter's invitation to overrule our prior decisions as to *Hurst* and the weighing of aggravating and mitigating circumstances under Nevada law. *See Adam v. State*, 127 Nev. 601, 604, 261 P.3d 1063, 1065 (2011) (requiring "weighty and conclusive" reasons to depart from prior precedent). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Herndon

cc:  Chief Judge, Eighth Judicial District Court
     Department 23, Eighth Judicial District Court
     David Anthony
     Federal Public Defender/Las Vegas
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.