JOHN JOSEPH KEEFE, Appellant and Cross–Respondent, v. SHERIFF, WASHOE COUNTY, NEVADA, Respondent and Cross–Appellant.

No. 9485

March 9, 1977                    560 P.2d 913

*Jerome M. Polaha,* Reno, for Appellant and Cross-Respondent.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *William G. Cobb,* Deputy District Attorney, Washoe County, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

A multiple count indictment, filed pursuant to a True Bill by the Washoe County Grand Jury, charged John Joseph Keefe, among others, with (1) aiding and abetting in the possession of a cheating device (NRS 465.080; NRS 195.020); (2) aiding and abetting in the use of a cheating device (NRS 465.080; NRS 195.020); and, (3) conspiracy to possess and use a cheating device (NRS 465.080; NRS 199.480). Thereafter, in a pretrial petition for a writ of habeas corpus, Keefe challenged the sufficiency of the evidence to support the indictment. The district judge denied the habeas petition, but directed the prosecuting attorney to elect between the counts in the indictment charging Keefe with aiding and abetting in the possession of a cheating device and aiding and abetting in the use of a cheating device. Keefe has appealed from the order denying habeas and the prosecutor has cross-appealed from the order directing him to elect which count to pursue.

1. The record establishes that Keefe was present in a casino in the immediate vicinity of a slot machine that was allegedly opened with a forged key by his codefendants. Keefe exchanged words with them, and, immediately after a jackpot combination was aligned on the reels of the slot machine, he departed with them.

In light of his "presence, companionship, and conduct before and after the offense" it was permissible for the grand jurors to infer that Keefe was involved in the scheme to cheat the casino. Robertson v. Sheriff, 85 Nev. 681, 683, 462 P.2d 528, 529 (1969). Accordingly, we perceive no error in the district judge's determination that the indictment is supported by sufficient evidence. NRS 172.155; Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971).

2. NRS 173.125 provides in part that "[t]he prosecution is not required to elect between the different offenses or counts set forth in the indictment. . . ." It is therefore permissible to try Keefe on all counts in the indictment; however, if one offense is

necessarily included in another, he can be convicted of only one. Wallace v. State, 84 Nev. 532, 445 P.2d 29 (1968); Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967).

The order denying the pretrial petition for a writ of habeas corpus is affirmed; the order requiring the prosecution to elect between the counts in the indictment is reversed.