NIGEL HEWITT, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 27214

ZACHARY BURKES, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 27222

March 27, 1997                                      936 P.2d 330

*Joan Buckley,* Las Vegas, for Appellant Hewitt.

*Ulrich W. Smith,* Las Vegas, for Appellant Burkes.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On December 28, 1994, a jury convicted Nigel Hewitt of battery by a prisoner and battery on an officer with substantial bodily harm, and convicted Zachary Clayton Burkes of battery by a prisoner. Hewitt was sentenced to ten years imprisonment and ordered to pay restitution in the amount of $16,386.00. Burkes was sentenced to six years imprisonment and ordered to pay restitution in the amount of $9,100.00.

Appellants Hewitt and Burkes appeal their convictions. We affirm appellant Hewitt's conviction for battery on an officer with substantial bodily harm and reverse his conviction for battery by a prisoner. We also affirm appellant Burkes' conviction for battery by a prisoner. In addition, because we conclude that an insurance company is not a victim within the meaning of NRS 176.033, we reverse Hewitt's order of restitution to the victim's insurance company and remand with instructions to order restitution to the victim.

### FACTS

On August 11, 1994, brothers Zachary Clayton Burkes and Nigel Hewitt were in custody at the Clark County Detention Center ("CCDC") on charges unrelated to this appeal. That

same morning, Corrections Officer Merle McCracken was on the ground floor of the CCDC, preparing to transport the brothers, along with a group of other inmates, to the Clark County Courthouse for appearances.

An officer instructed the inmates to stand along a wall in the hallway. Appellants were at the end of the hallway, approximately ten to twelve feet away from the other inmates, where appellant Hewitt was speaking loudly to a female waiting in an Intake Services interview room. A corrections officer instructed appellants to be quiet and to stand against the wall. Appellants refused to comply with the request and continued to make noise.

Officer McCracken repeated the corrections officer's order. Officer McCracken then approached appellant Hewitt, ordered him to turn and face the wall, and prepared to handcuff him. Officer McCracken and other witnesses testified that appellant Burkes approached McCracken, threw down court papers he was holding and balled his fist. In response, Officer McCracken testified that he sprayed appellant Burkes with capstun.[1] Appellant Hewitt then hit Officer McCracken in the face, causing the officer to black out. At trial, conflicting testimony was presented as to when appellant Hewitt hit Officer McCracken. Appellant Hewitt testified that he hit Officer McCracken after McCracken sprayed him with capstun. Officer McCracken testified that appellant Hewitt threw the punch before McCracken sprayed the capstun. Officer McCracken testified that, upon regaining consciousness, he saw appellant Burkes fighting with another officer and sprayed Burkes with capstun again.

When Joseph Evers, Director of the Support Bureau for the CCDC, saw appellant Hewitt strike Officer McCracken, he ran toward appellant Hewitt and grabbed his hair, intending to pull him to the ground. During his attempt, Director Evers was either bumped or shoved against the wall in the hallway. Two witnesses testified that appellant Burkes used a "body block" to knock Director Evers into the wall. Appellant Burkes testified that he became incapacitated from being sprayed with capstun and did not knock Director Evers into the wall.

Officer McCracken suffered a broken nose, several facial fractures, a broken upper jaw, and damage to his teeth. Director Evers sustained tissue damage and a broken left shoulder blade.

An information was filed, charging appellants with "repeatedly striking" Officer McCracken. During jury deliberations, the jury asked the court whether a finding of "not guilty" was required if they did not find that the appellants "repeatedly" struck Officer McCracken. The judge amended the information by removing the word "repeatedly" from both counts.

---

[1]Capstun is an oleoresin-type spray with a base of cayenne pepper.

Following a consolidated trial, the jury convicted appellant Hewitt of battery by a prisoner and battery on a prison official with substantial bodily harm. The judge sentenced him to ten years imprisonment, and ordered him to pay $16,386.00 restitution. The jury convicted appellant Burkes of battery by a prisoner, and the judge sentenced him to six years imprisonment and ordered him to pay $9,100.00 in restitution.

*Appellant Hewitt's arguments*

Appellant Hewitt argues that the district court erred by ordering him to make restitution to an insurance company as part of his sentence.[2] The statutory basis for ordering restitution as part of a sentence is found in NRS 176.033, which provides, in relevant part:

> 1. If a sentence of imprisonment is required or permitted by statute, the court shall:
>
> . . . .
>
> (c) If restitution is appropriate, set an amount of restitution for each victim of the offense and for expenses related to extradition . . . .

Appellant Hewitt argues that an insurance company is not a "victim" within the meaning of the statute.

We addressed a similar question in Igbinovia v. State, 111 Nev. 699, 895 P.2d 1304 (1995), and concluded that a police department that expends "buy money" to secure evidence against an offender is not a victim entitled to restitution under NRS 176.033. After examining the policy and legislative intent of the sentencing statute, we were "persuaded that the word 'victim' has commonly-understood notions of passivity, where the harm or loss suffered is generally unexpected and occurs without the voluntary participation of the person suffering the harm or loss." 111 Nev. at 707, 895 P.2d at 1308.

We hold that insurance companies are not victims within the meaning of NRS 176.033. When an insurance company pays for a victim's medical expenses, it does so pursuant to a contractual obligation to its insured and cannot therefore be said to have suffered an unexpected harm or financial loss. We therefore conclude that the district court's order directing appellant Hewitt to pay restitution to an insurance company is improper and

---

[2]The record on appeal indicated that Officer McCracken's medical expenses had been paid for by his insurance company. The order of the district court did not make it clear to whom restitution was ordered; however, both the appellant, Mr. Hewitt, and the State suggested in their briefs that the money would be awarded directly to the insurance company.

remand with instructions to enter an order instructing appellant to pay restitution to the true victim in this case, Officer McCracken.[3]

Appellant Hewitt argues that the district court erred by awarding an uncertain amount of future expenses. We have recognized that NRS 176.033 "contemplates that the district court will set a specific dollar amount of restitution. The statute does not allow the district court to award restitution in uncertain terms." Botts v. State, 109 Nev. 567, 569, 854 P.2d 856, 857 (1993). Although the trial court stated during the sentencing proceeding that it would provide the State leave to seek additional restitution as the victim incurred further expenses, the judgment of conviction ordered Hewitt "to pay $16,386.00." We conclude that the judgment entered by the district court, on its face, orders a specific dollar amount, and that this amount represents the entire amount of restitution owed. Thus, we conclude that the State is not entitled to seek future expenses.

Appellant Hewitt also argues that the district court erred by convicting him of a lesser included offense. We agree.

The district court entered judgments of convictions against appellant Hewitt for battery by a prisoner (Count I) and battery on an officer with substantial bodily harm (Count III). At sentencing, the State conceded that the offenses merge and requested the district court to enter a judgment of conviction only as to Count III. The record reveals, however, that while the district court sentenced Hewitt only as to Count III, the court entered judgments of conviction for both Counts I and III.

Where one offense is necessarily included in another, a defendant can be convicted of only one. Keefe v. Sheriff, 93 Nev. 109, 560 P.2d 913 (1977). We conclude that battery by a prisoner is necessarily a lesser included offense of battery on an officer with substantial bodily harm. Therefore, we conclude that the district court erred by convicting Hewitt for battery by a prisoner and reverse the conviction.[4]

Having considered all other arguments raised by appellant Hewitt, we conclude that they are meritless.

---

[3] We recognize that Officer McCracken may have been reimbursed by his insurance company and do not preclude the insurance company from seeking subrogation.

[4] The effect of our reversal of appellant Hewitt's conviction for battery by a prisoner will be to remove the conviction from his record. It will have no effect on his sentence.

*Appellant Burkes' arguments*

Appellant Burkes urges this court to reverse his conviction on numerous grounds. Having considered all of Burkes' arguments, we conclude that they are without merit. In addition, several of Burkes' arguments[5] have been raised for the first time on appeal. We conclude that appellant's failure to raise these issues below precludes appellate review. *See* Etcheverry v. State, 107 Nev. 782, 784-85, 821 P.2d 350, 351 (1991). Only where there is a finding of plain error or where the assigned error is patently prejudicial will this court review the misconduct in the absence of an objection below. *Cf.* Bonacci v. State, 96 Nev. 894, 620 P.2d 1244 (1980); Rhodes v. State, 91 Nev. 720, 542 P.2d 196 (1975). We conclude that neither of these exceptions apply.

Appellant Burkes also moves the court for confession of error pursuant to NRAP 31(c)[6] on the ground that the State failed to respond to certain issues set forth in his proper person supplemental brief. The State timely filed an answering brief; however, the brief did not address all of appellant's arguments. We conclude that the foregoing circumstances do not result in a confession of error.

For the reasons discussed herein, we reverse the conviction against Hewitt for battery by a prisoner. Further, we remand this case to the district court with instructions to order that Hewitt pay restitution to Officer McCracken. We affirm Burkes' conviction in all respects.

---

[5]Appellant Burkes' argued, *inter alia,* that the district court failed to instruct the jury regarding the element of "lawful custody," that the use of the word "innocence" in jury instructions was improper, and that the district court erred by not instructing the jury on a lesser included offense of resisting a public officer.

[6]NRAP 31(c) provides in relevant part:

> If a respondent fails to file an answering brief, respondent will not be heard at oral argument, except by permission of the court. The failure of respondent to file a brief may be treated by the court as a confession of error and appropriate disposition of the appeal thereafter made.