712 So.2d 1 (1997)
William D. SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04039.
District Court of Appeal of Florida, Second District.
October 24, 1997.
Rehearing Denied November 24, 1997.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General; Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
William Simpson was charged with first degree murder following the shooting death of his girlfriend, Marie Lerner. He was tried before a jury, which found him guilty of second degree murder. Simpson raises six issues concerning his conviction and sentence. We find no merit in his challenges to the conviction, and we affirm the conviction without discussion. But we reverse certain aspects of the restitution that Simpson was ordered to pay, and strike one of the assessed costs. We affirm the challenged probation condition.
We reverse certain restitution awards to the victim's mother because they are either indirect, remote or not satisfactorily proven. The State must prove, by a preponderance of the evidence, that the loss was caused by the offense before restitution is appropriate. § 775.089(7), Fla.Stat. (1995). There must be a significant connection between the crime committed and the victim's loss. State v. Williams, 520 So.2d 276 (Fla. 1988). In particular, the restitution order awarded the victim's mother $1,007.91 for her airfare from her home in Hawaii to the funeral, $1,250 for two weeks that she did not work because of her attendance at the funeral, $445 for flying her daughter's remains to another Hawaiian island to dispose of the *2 ashes, $146.78 for death announcements, approximately $130 for her stress-related illness suffered a year after her daughter's death and $104.20 for long distance telephone calls to the state attorney's office. We reverse these items in the restitution award because they are either indirect, remote or not satisfactorily proven.
We note that the trial court failed to orally announce that portion of the second sentence of probation condition (4) that prohibits him from possessing, carrying or owning any weapons without first procuring the consent of his probation officer. However, the oral announcement was unnecessary after the standard conditions were published in the Florida Rules of Criminal Procedure. See State v. Hart, 668 So.2d 589 (Fla.1996); Houston v. State, 701 So.2d 372 (Fla. 2d DCA 1997).
Finally, we strike the $2 cost imposed under section 943.25(13), Florida Statutes (1995), which was not orally pronounced at sentencing. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
Affirmed in part, reversed in part, and $2 cost stricken.
CAMPBELL, A.C.J., and FRANK, J., concur.