EDUARDO MARTINEZ, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 26650

February 12, 1999            974 P.2d 133

[Rehearing denied October 1, 1999]

*Morgan D. Harris,* Public Defender, and *Sharon G. Dickinson,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

Before ROSE, C. J., YOUNG, MAUPIN and SHEARING, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction entered pursuant to a guilty plea of two counts of battery with use of a deadly weapon. The district court sentenced appellant to serve five years in the Nevada State Prison on each count, to run concurrently. Further, the district court ordered appellant to pay $67,208.86 in restitution on count I and $1,668.40 in restitution on count II.

The state charged appellant Eduardo Martinez by information filed on September 12, 1994, with two counts of battery with use of a deadly weapon. The charges derived from an altercation in which appellant pulled out a gun and shot one victim in the chest. The second victim was hit in the leg by a ricochet bullet. On September 27, 1994, appellant entered a guilty plea to both counts. At the time, appellant was an eighteen-year-old illegal immigrant with a limited education and no financial assets. The Division of Parole and Probation could not locate the two victims. The Division's inquiries with medical care providers revealed that victim number one had sustained a bill of $467.50 from Mercy Ambulance, which remains unpaid. Further, victim number one sustained a bill of $66,741.36 from University Medical Center, of which $200.00 was paid by victim number one as an insurance deductible, with the balance being paid by Humana Insurance Company of Louisville, Kentucky. Victim number two sustained a bill of $411.35 from Mercy Ambulance and a bill of $1,257.05 from University Medical Center. None of victim number two's bills have been paid. The Division of Parole and Probation recommended that appellant be required to pay all of the victims' medical bills. It appears that the district court followed that recommendation. Appellant's judgment of conviction does not specify to whom the restitution is payable.

Appellant contends that the district court improperly ordered him to pay restitution to an ambulance company, a hospital and an insurance company because they are not ''victims'' to whom he may be ordered to pay restitution under Nevada law.

''The authority to impose restitution is not an inherent power of the court, but is derived from statutes.'' State v. Davison, 809 P.2d 1374, 1375 (Wash. 1991). Thus, we are constrained by the statutory language in resolving these issues. The district court

ordered appellant to pay restitution pursuant to NRS 176.033(1)(c), which provides that "[i]f a sentence of imprisonment is required or permitted by statute, the [sentencing] court shall: . . . [i]f restitution is appropriate, set an amount of restitution for each victim of the offense." NRS 176.015(5)(b),[1] addressing sentencing and judgment, provides that:

"Victim" includes:

(1) A person, including a governmental entity, against whom a crime has been committed;

(2) A person who has been injured or killed as a direct result of the commission of a crime; and

(3) A relative of a person described in subparagraph (1) or (2).[2]

We have previously held that a sentencing court could properly order a defendant to pay restitution to a county social services department and a state welfare agency for money expended on behalf of child abuse victims because: (1) the loss was unexpected and occurred without the agencies' voluntary participation, and (2) the agencies expended the money to benefit the children who were the true victims of the defendant's criminal conduct. This court concluded that reimbursing agencies was analogous to making restitution to a guardian acting on behalf of children. Roe v. State, 112 Nev. 733, 735, 917 P.2d 959, 960 (1996).

Medical care providers who treat crime victims are not victims of crime as defined in NRS 176.015(5)(b). We have held, however, that "victims' medical costs for the treatment of their injuries directly resulting from the crime are the proper subject of restitution." Norwood v. State, 112 Nev. 438, 441, 915 P.2d 277, 279 (1996). Crime victims' unpaid medical bills are debts of those victims. Id. For that reason, and considering the above-mentioned factors in Roe, we conclude that the district court could properly order appellant to pay as restitution the victims' medical bills that directly resulted from appellant's criminal conduct.

The situation is different regarding an insurance company. When an insurance company pays for a victim's medical expenses,

---

[1]At the time of appellant's offense in 1994, NRS 176.015 referred to the definition of "victim" set forth at NRS 213.005, which was practically identical to present NRS 176.015(5)(b) and present NRS 213.005 except that it did not explicitly include governmental entities.

[2]See also NRS 213.005(2); 217.007(3)(c), 217.070(1); see generally NRS 217.070(2)-(6).

it does so pursuant to a contractual obligation to its insured. Hewitt v. State, 113 Nev. 387, 390, 936 P.2d 330, 332 (1997). The insurance company is not a victim as defined in NRS 176.015(5)(b). *See id*. Further, it does not suffer an unexpected harm or loss, as the very purpose of insurance is to cover such expenses. *Id*. Therefore, a sentencing court may not order a defendant to pay restitution to an insurance company for the company's payment of a claim by or on behalf of a crime victim.[3] *Id*. at 390-91, 936 P.2d at 332. This ruling does not prevent an insurance company that reimbursed a crime victim from seeking subrogation from a criminal defendant, if a statutory or common law right of subrogation exists.[4] *Id*. at 391 n.3, 936 P.2d at 332 n.3. A defendant's obligation to pay restitution to the victim may not, of course, be reduced because a victim is reimbursed by insurance proceeds.[5] Thus, restitution of medical expenses, while inappropriate when payment is ordered to be made to an insurer, is not inappropriate when the payment, regardless of reimbursement, is ordered to be made to the victim.

Appellant further contends that the amount of restitution payable to each entity is not supported by sufficient evidence and that he was denied due process because the district court did not hold a hearing on restitution. The district court ordered appellant to pay restitution based upon amounts recited in the presentence report of the Division of Parole and Probation. Appellant failed to object at the time of sentencing to the restitution amounts. Therefore, he has waived this issue. *See* Williams v. State, 103 Nev. 227, 232, 737 P.2d 508, 511 (1987) (only those improprieties objected to at trial may be considered on appeal).

Nevertheless, we make use of this opportunity to note the following. Restitution under NRS 176.033(1)(c) is a sentencing determination. On appeal, this court generally will not disturb a

---

[3]Of course, when an insurance company is the actual victim of a crime, such as, for example, in a case of insurance fraud, the court may order a defendant to pay restitution to an insurance company.

[4]To the extent that Hewitt could be read as modifying or expanding the law of subrogation, *Hewitt* is overruled. *Cf., e.g.,* Maxwell v. Allstate Ins. Co., 102 Nev. 502, 728 P.2d 812 (1986) (subrogation clause under which automobile insurer obtains subrogation rights from its insured for medical payments violates public policy).

[5]This rule is analogous to the collateral source doctrine in the law of torts, which provides that if an injured party receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor. *See* Proctor v. Castelletti, 112 Nev. 88, 90 n.1, 911 P.2d 853, 854 n.1 (1996).

district court's sentencing determination so long as it does not rest upon impalpable or highly suspect evidence. Lloyd v. State, 94 Nev. 167, 576 P.2d 740 (1978); Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976). Sentencing courts are cautioned to rely on reliable and accurate evidence in setting restitution. A defendant is not entitled to a full evidentiary hearing at sentencing regarding restitution, but he is entitled to challenge restitution sought by the state and may obtain and present evidence to support that challenge. In this case, appellant did not challenge the amount of restitution, so we decline to disturb the district court's determinations regarding the amount of restitution to be paid to medical care providers.

Appellant further contends that the district court erred by failing to consider his ability to pay in ordering him to pay restitution. This contention lacks merit; there is no requirement that the district court consider a defendant's ability to pay in determining at sentencing the amount of restitution. *See* NRS 176.015.

Accordingly, we affirm appellant's judgment of conviction, and we vacate that portion of the judgment directing that restitution be paid directly to Humana Insurance Company.[6]

---

[6]This matter was submitted for decision prior to the expansion of the court from five to seven justices on January 4, 1999; only those justices remaining on the court who previously heard this matter participated in the decision.