An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EARL ELROY COLUMBUS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61606

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REMANDING IN PART

This is an appeal from a judgment of conviction, pursuant to a no contest plea, of attempted murder. Seventh Judicial District Court, White Pine County; Dan L. Papez, Judge.

Appellant Earl Elroy Columbus contends that the district court committed plain error by awarding restitution to the Victims of Crime Program (VOCP). At the sentencing hearing, the district court was informed that VOCP paid the victim's medical expenses to date, $19,810.92, and imposed restitution in the same amount to be paid by Columbus directly to VOCP. We agree with Columbus' contention.

"[A] defendant may be ordered to pay restitution only for an offense that he has admitted, upon which he has been found guilty, or upon which he has agreed to pay restitution." Erickson v. State, 107 Nev. 864, 866, 821 P.2d 1042, 1043 (1991); see also NRS 176.033(1)(c) ("If a sentence of imprisonment is required or permitted by statute, the court shall: . . . [i]f restitution is appropriate, set an amount of restitution for each victim of the offense."). Here, pursuant to the plea agreement, Columbus agreed to pay restitution to the victim and at no point in the proceedings below or on appeal does he challenge the amount of the award. VOCP, however, does not qualify as a victim in this case. See

13-07751

NRS 176.015(5)(d) (defining "victim"). Therefore, we conclude that the district court plainly erred by awarding restitution to VOCP rather than to the actual victim. See Martinez v. State, 115 Nev. 9, 974 P.2d 133 (1999). Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND REMANDED IN PART to the district court for the entry of an amended judgment of conviction awarding restitution to the victim and for proceedings consistent with this order.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Seventh Judicial District Court Dept. 2
State Public Defender/Ely
State Public Defender/Carson City
Attorney General/Carson City
White Pine County District Attorney
White Pine County Clerk

---

[1]After the entry of the amended judgment of conviction, VOCP maintains subrogation rights for payments made on behalf of the victim in this case pursuant to NRS 217.240.