An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT GERALD CARPENTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62421

FILED

SEP 1 8 2013

TRACIE K. LI...
CLER... OF S...
BY _____



*ORDER OF AFFIRMANCE*

This is an appeal from an amended judgment of conviction, pursuant to a guilty plea, of grand larceny. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant Robert Gerald Carpenter claims that the district court erred by ordering him to pay restitution for a gold chain and pendant he did not admit to taking and was not charged with taking.

"[A] defendant may be ordered to pay restitution only for an offense that he has admitted, upon which he has been found guilty, or upon which he has agreed to pay restitution." *Erickson v. State*, 107 Nev. 864, 866, 821 P.2d 1042, 1043 (1991). Carpenter was charged with, and pleaded guilty to, stealing "items of jewelry, then and there having a value of Three Thousand Five Hundred Dollars." At the restitution hearing, Carpenter admitted that he took two items of jewelry, but denied taking the chain and pendant and argued that imposition of restitution for these items was improper. Although neither the information nor the plea agreement identified the items of jewelry taken from the victim, the district court found that the police statement signed by the victim specifically listed the missing items of jewelry, including the chain and pendant. Because it appears Carpenter was on notice that the victim

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27745

alleged that the chain and pendant were among the items stolen, he did not clarify at the plea canvass or in the written plea agreement that he was not pleading guilty to taking the chain and pendant, and he agreed to make full restitution as ordered by the court, we conclude the district court did not err by ordering Carpenter to pay restitution for the chain and pendant.

Carpenter also claims that the restitution amount of $8,500 is not supported by sufficient evidence. Carpenter asserts that the victim's testimony, alone, was insufficient to establish the value of the chain and pendant because the victim's opinion regarding value was based on his Internet search for the price of gold.

Restitution is a sentencing determination that this court will generally not disturb unless it rests upon impalpable or highly suspect evidence. *Martinez v. State*, 115 Nev. 9, 12-13, 974 P.2d 133, 135 (1999). A district court must rely on reliable and accurate information in calculating a restitution award. *Id.* at 13, 974 P.2d 135. "An owner of property may testify to its value, at least so long as the owner has personal knowledge, or the ability to provide expert proof, of value." *Stephans v. State*, 127 Nev. ___, ___, 262 P.3d 727, 731 (2011) (internal citation omitted).

At the restitution hearing, the victim requested restitution in the amount of $8,500 and testified that the missing chain was 22 carat gold, weighed 65 grams, and was valued at $6,500 and the missing pendant was 24 carat gold and weighed 35 grams. The victim testified that neither item had been appraised and he established the value of the chain and pendant based on the weight of each item and by looking up the price of gold on the Internet. He further testified that he was familiar

with the price of gold and the value of his jewelry because in his culture people keep jewelry to give to a daughter and daughter-in-law as a dowry. Although Carpenter argued that the victim's valuation of his jewelry was not reliable because of inconsistencies in the valuations assigned by the victim, the district court found that the victim's testimony regarding the value of his jewelry was credible and reliable.

Although the victim relied on the Internet to assist him in valuing his missing jewelry, given the victim's knowledge of the jewelry, including its approximate weight, the record does not support Carpenter's assertion that the victim relied solely on an outside source to establish the value of his jewelry. Further, contrary to Carpenter's assertion on appeal, the Division of Parole and Probation's estimate of what they would be seeking as restitution and the amount paid to the victim from his insurance company did not establish the value of the missing jewelry. Given the district court's credibility determination, we conclude that the district court relied on reasonably reliable and accurate evidence when setting restitution and we affirm the award of restitution. Therefore, we

ORDER the amended judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                              Saitta

cc:    Hon. Patrick Flanagan, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk