# IN THE SUPREME COURT OF THE STATE OF NEVADA

JONATHAN EDWARD WATKINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68243

FILED

MAR 1 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY  S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from an order of the district court dismissing a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

In his petition, appellant Jonathan Watkins claimed that the district court erred in interpreting his prior motion to vacate an illegal sentence as a motion to correct a clerical mistake and amending the judgment of conviction to include restitution outside his presence. We conclude that the district court erred in dismissing Watkins' petition as procedurally barred without conducting an evidentiary hearing. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (observing that a postconviction petitioner is entitled to an evidentiary hearing on his claims of good cause only if he "asserts specific factual allegations that are not belied or repelled by the record and that, if true, would entitle him to relief"). Watkins' claim is not untimely as it could not have been raised until after the filing of the amended judgment of conviction. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004) ("[I]f the claims presented in a petition filed within one year of the entry of the amended judgment challenge the proceedings leading to substantive amendment to the judgment and could not have been raised in prior proceedings, there may be no delay attributable to the 'fault of the petitioner.'"). Although he could have raised the instant challenge to the amended judgment of

16-08471

conviction on direct appeal, *see* NRS 34.810(1)(b)(2), his claim that he was not informed of the filing of the amended judgment of conviction until after the deadline passed for a timely appeal is not belied by the record and could, if credible, demonstrate good cause to excuse the procedural default. Moreover, as Watkins' claim that the district court erred in imposing restitution without conducting a hearing may have merit, *see Martinez v. State*, 115 Nev. 9, 13, 974 P.2d 133, 135 (1999) (providing a defendant "is entitled to challenge restitution sought by the state and may obtain and present evidence to support that challenge"), an evidentiary hearing is warranted to determine if Watkins would suffer prejudice from the failure to consider this claim. Therefore, we remand this matter to the district court to conduct an evidentiary hearing on Watkins' assertion that the late delivery of his amended judgment of conviction provided good cause to excuse his failure to raise the instant claim in a direct appeal.[1] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

---

[1]The district court may exercise its discretion to appoint counsel for the post-conviction proceedings. NRS 34.750(1).

[2]This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.

cc: Hon. Patrick Flanagan, District Judge
Jonathan Edward Watkins
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A