# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAVESS WAYNE CORTEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79019

FILED

SEP 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with a deadly weapon resulting in substantial bodily harm and coercion. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

The State charged appellant Travess Cortez by information with battery with a deadly weapon resulting in substantial bodily harm. The charges stemmed from an altercation where Cortez allegedly struck the victim with a broken glass bottle, causing lacerations to his right eye, nose, left eyebrow, left ear, and the right side of his face.

Before the preliminary hearing, the State disclosed 96 of 339 pages of discovery to Cortez. The disclosure included the audio interview of the victim, the audio interview of Cortez, photographs of the crime scene and related evidence, medical records of the victim's immediate post-incident treatment at Northern Nevada Regional Hospital, the photographic lineup the police used when they asked the victim to identify Cortez, reports of the responding officers and investigating detective, and the statement of the State's main witness. At the preliminary hearing, the victim testified on behalf of the State. Cortez cross-examined the victim,

20-35910

asking him about his level of intoxication on the night of the incident and whether he saw Cortez strike him.

Before trial, the State tried to secure the victim's appearance at trial. However, the victim did not show for his scheduled testimony. The State moved to admit the transcripts of the victim's preliminary hearing testimony, and the district court granted the motion. Ultimately, the jury found Cortez guilty of the crimes charged. At the sentencing hearing, the State requested $607.36 in restitution for the victim's mother, who provided care and transported the victim to and from medical treatments related to his injuries. Ultimately, the district court awarded $603 in restitution to the victim's mother. Cortez appeals.

*The district court's admission of the victim's preliminary hearing testimony did not violate Cortez's Confrontation Clause rights*

First, Cortez argues that the district court violated his Confrontation Clause rights when it admitted the victim's preliminary hearing testimony during trial. He contends that he was unable to conduct a sufficient cross-examination of the victim during the preliminary hearing because the State had yet to disclose 243 pages of discovery. We disagree.

Whether a district court's decision violated a defendant's Confrontation Clause rights is a question of law that we review de novo. *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009). The Sixth Amendment's Confrontation Clause provides that a criminal defendant "shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. NRS 171.198 permits the admission of preliminary hearing transcripts of a witness at trial if: the defendant was represented by counsel at the hearing or waived his or her right to counsel; and the witness is sick, outside of Nevada, deceased, refuses to testify despite a

court order, "or when the witness's personal attendance cannot be had in court." NRS 171.198(7). Additionally, the defendant must have had "an adequate opportunity to confront [the] witnesses against him . . . ." *Chavez*, 125 Nev. at 337, 213 P.3d at 482. We determine whether a defendant had an adequate opportunity to confront the witness against him at a preliminary hearing on a case-by-case basis, considering "the discovery available to the defendant at the time" and whether "the magistrate judge allow[ed] the cross-examination to proceed." *Id.* It is sufficient if the defendant had "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Patano v. State*, 122 Nev. 782, 790, 138 P.3d 477, 482 (2006) (emphasis in original) (quotation omitted).

Here, counsel represented Cortez and the district court did not limit his cross-examination of the victim during the preliminary hearing. Additionally, Cortez had nearly all the pertinent facts of the State's case-in-chief prior to his cross-examination of the victim. *See Chavez*, 125 Nev. at 341, 213 P.3d at 485 (holding that a defendant "had most, if not all, of the pertinent facts of the State's case in chief at the preliminary hearing" because he had a copy of the victim's statements to the police and the State's list of witnesses); *see also State v. Eighth Judicial Dist. Court (Baker)*, 134 Nev. 104, 106, 412 P.3d 18, 21 (2018) (applying *Chavez* and holding that the defendant had an adequate opportunity to cross-examine the victim during the preliminary hearing because he had the transcripts of the victim's statements to police, the declaration of arrest, the crime report, the statement of the victim's mother, and the investigating detective's report). The remaining 243 pages of discovery primarily consisted of: appointment reminders, appointment summaries, and medication lists related to the

victim's follow-up treatment after the incident in question; transcripts of interviews already in Cortez's possession; documentation related to the victim's mother's restitution claim; and Washoe County Crime Lab results, all of which the State did not have at the time of the preliminary hearing. Cortez does not meaningfully explain how this discovery would have benefitted his cross-examination of the victim. Accordingly, we conclude that the district court did not violate Cortez's Confrontation Clause rights when it admitted the victim's preliminary hearing transcripts because the victim's personal attendance could not be had at trial.

*The district court did not err when it awarded restitution to the victim's mother*

Next, Cortez argues that the district court erred by awarding $603 in restitution to the victim's mother.[1] Relying on *Igbinovia v. State*, 111 Nev. 699, 895 P.2d 1304 (1995), Cortez contends that the district court could not award restitution to the victim's mother because she was not a passive victim of Cortez's criminal act. Additionally, Cortez argues that the definition of victim under NRS 176.015(5)(d) (defining victim to include relatives of a person injured by a defendant's criminal act) only applies in the context of who may testify during a sentencing hearing and does not apply to a determination of who may receive restitution under NRS 176.033(3) (providing that a court shall award restitution, when appropriate, to "each victim of the offense"). We disagree.

First, Cortez's reliance on *Igbinovia* is misplaced. *Igbinovia* concerned whether a district court could award restitution to a law

---

[1]Cortez does not challenge the amount of restitution that the district court awarded to the victim's mother, which is consistent with the receipts the State provided to the district court.

enforcement agency for the buy money it spent to secure evidence. 111 Nev. at 706, 895 P.2d at 1308. We held that a district court could not award restitution to a law enforcement agency under those circumstances because the agency "actively and voluntarily participated in the conduct" that gave rise to the loss of buy money. *Id.* at 707, 895 P.2d at 1309. Our holding in *Igbinovia* is therefore inapposite to the facts of this case.

*Martinez v. State*, 115 Nev. 9, 974 P.2d 133 (1999), is instructive, however. In *Martinez*, we looked to the definition of victim under NRS 176.015(5)(b) to determine whether a district court properly awarded restitution under NRS 176.033 to an ambulance company and a medical center that provided care to two victims that the defendant shot. 115 Nev. at 10-11, 974 P.2d at 134. Because the definition of victim under NRS 176.015(5)(b) did not encompass either, we held that an ambulance company and a medical center could not be victims for the purpose of restitution under NRS 176.033. *Id.* at 11, 974 P.2d at 134. Here, the victim's mother qualifies as a victim under NRS 176.015 because she is a qualified "relative" under subsection (5)(b). Additionally, the victim's mother unexpectedly incurred these expenses, did not participate in the criminal act that caused the victim's injuries, and incurred the expenses to benefit the true victim of the defendant's criminal act. *Cf. Roe v. State*, 112 Nev. 733, 735, 917 P.2d 959, 960 (1996) (holding that a district court could award restitution to state agencies on behalf of a child abuse victim where: (1) the financial loss was unexpected and occurred without the agencies' voluntary participation, and (2) the agencies expended the money to benefit the children who were the true victims of the defendant's criminal conduct). Accordingly, we conclude that the district court did not err when it awarded $603 in restitution to the victim's mother.

SUPREME COURT
OF
NEVADA

(O) 1947A

Having considered Cortez's claims and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Nancy L. Porter, District Judge
       Elko County Public Defender
       Attorney General/Carson City
       Elko County District Attorney
       Elko County Clerk