140 Nev., Advance Opinion 16

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DEMITRI ARI GEE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 85987<br><br>**FILED**<br><br>MAR 21 2024<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a guilty plea, of driving under the influence resulting in substantial bodily harm. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.

*Affirmed in part, vacated in part, and remanded.*

McAvoy Amaya & Revero, Attorneys, and Michael J. McAvoyAmaya and Timothy E. Revero, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Karen Mishler, Chief Deputy District Attorney, Clark County,
for Respondent.

---

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

## OPINION

By the Court, STIGLICH, J.:

The issues in this appeal are twofold. First, under *Nied v. State*, 138 Nev., Adv. Op. 30, 509 P.3d 36 (2022), and its progeny, we reiterate that

an order of restitution must be based on competent evidence. Second, we address whether a defendant's restitution obligation to the State of Nevada Victims of Crime Program (Victims of Crime) should be offset by the amount the defendant's insurance provider paid to the victim for the same losses. Because appellant Demitri Gee challenged the amount requested for Victims of Crime and the State failed to present evidence to support it, we conclude that the district court abused its discretion by ordering restitution not supported by competent evidence. Further, we conclude that the district court abused its discretion by failing to evaluate whether the award to Victims of Crime needed to be offset by the compensation provided to the victim through Gee's insurance. Accordingly, we vacate the $9,940 in restitution that was awarded to Victims of Crime but otherwise affirm the judgment of conviction. We remand for further proceedings as to restitution and instruct the district court to determine what, if any, portion of the $9,940 should be offset by the payment from Gee's insurance.

## FACTS AND PROCEDURAL HISTORY

Gee was driving while intoxicated when he lost control of his vehicle and spun into other lanes of traffic. Gee's truck collided with a car carrying driver Patricia Allen and passenger Alcie Allen. After the collision, Gee exited his truck and fled the scene. The Allens were severely injured. They both required surgery and endured several months of pain and suffering during which they were unable to work.

As a result of the collision, Gee was charged with two counts of driving under the influence resulting in substantial bodily harm and one count each of failing to stop at the scene of a crash involving death or personal injury, unlawfully crossing a divided highway, and operating a motor vehicle without security. Gee and the Allens entered into a civil settlement agreement, and the Allens received pecuniary compensation

through Gee's insurance. Subsequently, Gee and the State executed a guilty plea agreement. By the terms of the agreement, the State agreed to make no recommendation at sentencing and to dismiss the counts brought against Gee except one count of driving under the influence resulting in substantial bodily harm. The plea agreement included language that Gee agreed "to pay restitution as determined by Parole and Probation" and that he "underst[ood] that, if appropriate, [he] will be ordered to make restitution to the victim of the offense to which [he is] pleading guilty and to the victim of any related offense which is being dismissed or not prosecuted pursuant to this agreement."

At Gee's sentencing hearing, the State requested as restitution $9,940 paid to Victims of Crime to reimburse payments made to Mr. Allen for lost wages, $30.99 for medical equipment that Mr. Allen bought, and $3,880.40 for Mrs. Allen. Gee acknowledged that he received bank documents and receipts supporting the $3,880.40 amount for rideshare costs, medical bills, and the insurance deductible, and restitution request forms for the $3,880.40 and $30.99 amounts. Gee did not object to these amounts. However, he challenged the $9,940 amount requested. Gee indicated that he had not received supporting documentation for that amount and that he had already compensated the Allens through his insurer. Gee asserted that the Allens had collectively received $300,000 through the civil settlement and that Gee's insurance paid for their medical costs. The district court instructed the State to provide documentation related to the challenged amount and ordered a status check on the issue.

Before the status check was held, and without further notice to the parties, the district court entered a judgment of conviction. Gee was fined $2,000 and sentenced to serve a prison term of 8-20 years. The district

SUPREME COURT
OF
NEVADA

(O) 1947A

court ordered him to pay restitution as requested by the State in the amount of $30.99 to Mrs. Allen and $3,880.40 to Mrs. Allen.[1] The district court also ordered Gee to pay the challenged amount of $9,940 to Victims of Crime. Gee appeals the judgment of conviction, challenging only the $9,940 in restitution awarded to Victims of Crime.

## DISCUSSION

Gee argues the district court erred by entering a judgment of conviction with an amount of restitution that was not based on competent evidence. He also argues the district court should have offset the restitution award by the amount that his insurance paid the Allens. It is for the district court at sentencing to "set an amount of restitution for each victim" when "restitution is appropriate." NRS 176.033(3). We review a district court's restitution determination for an abuse of discretion. *Nied*, 138 Nev., Adv. Op. 30, 509 P.3d at 39. We conclude the district court abused its discretion both because the award was not based on competent evidence and because it failed to evaluate whether an offset was required.

*The district court abused its discretion by entering the judgment of conviction and awarding restitution that was not based on competent evidence*

Gee first argues the district court erred by awarding $9,940 in restitution that was not supported by competent evidence. Specifically, he contends that the State failed to provide documentation to support the amount, such as receipts, copies of checks, or other paperwork documenting lost wages. Gee argues that he was ultimately prevented from effectively challenging the restitution award because the district court entered the

---

[1]The $30.99 amount was requested for Mr. Allen yet awarded to Mrs. Allen in the judgment of conviction. We have considered Gee's argument on this issue, and we find no error.

judgment of conviction ordering restitution before the State provided evidence to support the challenged award. We agree.

"A sentencing judge generally has wide discretion when ordering restitution pursuant to NRS 176.033(3) but must use reliable and accurate information in calculating a restitution award." *Id.* (internal quotation marks omitted). "A defendant is not entitled to a full evidentiary hearing at sentencing regarding restitution," but a defendant "is entitled to challenge restitution sought by the state and may obtain and present evidence to support that challenge." *Martinez v. State*, 115 Nev. 9, 13, 974 P.2d 133, 135 (1999).

In *Nied*, "the State was required to present evidence at sentencing to prove the amount of restitution" because Nied challenged the amount stated in the presentence report for the victim's medical costs. 138 Nev., Adv. Op. 30, 509 P.3d at 39-40. The district court's award of restitution appeared to be based on the figure recommended in the presentence report. *Id.* at 39. However, when the victim provided testimony and documents relating to his medical costs, his calculations conflicted with the total amount recommended in the report. *Id.* at 39-40. Thus, we determined the award was not supported by competent evidence. *Id.* at 40.

Based on the scant evidence provided here, we conclude the district court did not use reliable and accurate information to award $9,940 in restitution. The only evidence in the record to support the amount requested for Victims of Crime was the presentence investigation report (PSI) and an email from the State. The PSI indicated that Victims of Crime had approved $9,660 for the lost wages of one of the victims but that no payment had been issued. The State emailed Gee and informed him the

SUPREME COURT
OF
NEVADA

(O) 1947A

5

State was trying to confirm what, if any, amount Victims of Crime had paid out to the victims. At the sentencing hearing, the State requested $9,940. It described this conflicting figure as "the most current amount," compared to the amount listed in the PSI. At that point, the State orally confirmed that the amount had now been paid to Mr. Allen. The State did not provide any supporting documentation.

Gee challenged the amount. Under *Nied*, the State needed to present evidence to support the amount that Gee challenged. Although the district court ordered the State to provide copies of the supporting documents for the $9,940 amount and scheduled a status check to reassess the request and propriety of the restitution award, it ultimately entered the judgment of conviction that included the $9,940 award before holding the scheduled status check. We conclude the district court's award to Victims of Crime was not based on competent evidence because the State did not present evidence to support the basis for the challenged amount awarded. Therefore, we conclude that the district court abused its discretion by awarding the $9,940 in restitution.

We reiterate that restitution awards must be supported by competent evidence. An argument such as the one the State implies here, that Gee agreed to pay *any* restitution amount as determined by Parole and Probation simply because of the language in the guilty plea agreement, is unavailing. Such an interpretation is unsustainable given the requirement that restitution awards be supported by competent and reliable evidence under *Nied* and *Martinez*.

We further reiterate that a judgment of conviction must include a final and specific determination as to restitution and may not purport to reserve such a determination for later. A judgment of conviction with a

restitution award that "does not specify its terms," including the obligation's dollar amount, "is not a final judgment." *Whitehead v. State*, 128 Nev. 259, 262-63, 285 P.3d 1053, 1055 (2012). However, once the judgment is entered with the specified restitution amount, the judgment is final. Thus, we hold that a district court should not enter a judgment of conviction until the evidence supporting restitution has been reviewed and the amount to award has been determined.

*The district court abused its discretion by failing to evaluate whether the award to Victims of Crime needed to be offset by the amount paid by Gee's insurance*

Gee argues that the district court was required to offset restitution awarded to Victims of Crime by the amount the Allens already recovered from his insurance. We agree that the district court needed to assess whether an offset was required.

"[A] district court must offset the defendant's restitution obligation by the amount the defendant's insurer paid to the victim for losses subject to the restitution order." *Nied*, 138 Nev., Adv. Op. 30, 509 P.3d at 41. *But see Martinez*, 115 Nev. at 12, 974 P.2d at 135 (concluding "[a] defendant's obligation to pay restitution to the victim may not, of course, be reduced because a victim is reimbursed by" the *victim's own* insurer). The amount "offset is limited to the portion of the payments intended to compensate the victim for costs recoverable as restitution; thus, any portion directed to pay attorney fees or excludable damages such as pain and suffering should not be credited against the restitution." *Nied*, 138 Nev., Adv. Op. 30, 509 P.3d at 41-42. As we emphasized in *Nied*, "restitution is intended to compensate the victim for costs and losses caused by the defendant." *Id.* at 38. However, there is a risk of double recovery when there is both a restitution order compensating the victim and a civil

settlement compensating the victim through the defendant's insurance. *Id.* at 42. Accordingly, in requiring restitution to be offset by the amount provided by the defendant's insurance, we concluded that "the primary purpose of restitution" is "to make the victim whole," but to do so "without giving the victim a windfall or double recovery." *Id.*

In this matter, Victims of Crime compensated Mr. Allen for his lost wages, and Victims of Crime then sought reimbursement for that compensation from Gee through restitution. Victims of Crime exists "to assist victims of violent crimes through a period of financial hardship which arises when their assailants are judgment proof or unknown." *State, Victims of Crime Fund v. Barry,* 106 Nev. 291, 293, 792 P.2d 26, 27 (1990). However, when "the victims are no longer suffering financial hardship and have recovered full economic compensation for their losses, fundamental fairness dictates in favor of full reimbursement [from the victims] to . . . [Victims of Crime]." *Id.* Victims of Crime has statutory subrogation rights such that it can seek reimbursement from victims it has compensated. When a victim accepts an award from Victims of Crime, "[t]he State of Nevada is immediately subrogated in the amount of the award to any right of action or recovery the [victim] may have against any party." NRS 217.240(1). Further, when the victim obtains recovery from any source "for damages caused by the crime," the victim must "promptly notify the Director of the source and amount of that recovery, and shall promptly pay . . . the Department." NRS 217.240(2).

Here, there was no dispute that the Allens received money from Gee through a civil settlement. However, it was unclear what amounts within that settlement payment were awarded for what purposes. It was also uncertain whether and what amount Victims of Crime issued to Mr.

SUPREME COURT
OF
NEVADA

(O) 1947A

Allen for lost wages. Because the district court short-circuited the process by entering the judgment of conviction before holding the status check, we do not know whether the award to Victims of Crime was proper. For instance, if Mr. Allen received compensation for lost wages from the settlement with Gee, then Victims of Crime would need to exercise its subrogation rights to seek reimbursement from Mr. Allen. The disputed issues would have been resolved at the status check. However, because the hearing was not held, it is unclear if Gee already paid for Mr. Allen's lost wages through the civil settlement. To avoid a potential double recovery for the victim and duplicate payment by the defendant, we hold that restitution awards to Victims of Crime must be offset by compensation victims receive from a defendant, or in this case, a defendant's insurer, when both payments cover the same losses. Accordingly, we conclude the district court abused its discretion by awarding restitution without assessing if the award to Victims of Crime duplicated recovery from Gee's insurance.[2]

## CONCLUSION

We emphasize that a judgment of conviction must include a final and specific determination as to restitution and may not purport to reserve such a determination for later. Before entering a judgment of conviction—a final judgment—a district court must review the evidence and state the amount of restitution it will order. In addition, restitution awards to the Victims of Crime Program must be offset by compensation victims

---

[2]We have considered Gee's remaining arguments, including that the judgment of conviction was not served on him or counsel, and we find no error. Gee also argues that a release of claims in a civil settlement is a complete bar to restitution. However, because he made this argument after the judgment of conviction was entered, it is not properly before us in this appeal.

receive through the defendant's insurer when the payments cover the same losses. Therefore, a district court must evaluate whether a civil settlement and a restitution award to Victims of Crime would compensate victims for the same losses and thus whether an offset is needed. Here, the district court abused its discretion by awarding an amount that was not based on competent evidence and by failing to evaluate whether the settlement from Gee's insurer and the award to Victims of Crime duplicated Mr. Allen's recovery. Therefore, we vacate the $9,940 award of restitution and remand for further proceedings for the district court to determine what, if any, portion of the $9,940 should be offset by the payment from Gee's insurance. We affirm the judgment of conviction as to the sentence and the other two restitution awards that were not challenged on appeal. Accordingly, we affirm in part, vacate in part, and remand the matter to the district court.

_____, J.
Stiglich

We concur:

_____, J.
Pickering

_____, J.
Parraguirre